In the United States District Court

for the

Western District of Texas

FILED
DEC 13 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | SA-11-CR-84-XR |
| | § | |
| JOHN LAVOTA | § | |

## ORDER

Defendant is charged in an indictment with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2).[1] On December 12, 2011, a bench trial was held in this case. The Defendant previously waived his right to a trial by jury. The Court enters the following findings of fact and conclusions of law:

In order for the crime of Distribution of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2), to be established, the government must prove all of the following essential

---

[1] 18 U.S.C. § 2252(a)(2) states: "Any person who - - knowingly ... distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—
(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
(B) such visual depiction is of such conduct;"

elements beyond a reasonable doubt: (1) that the defendant knowingly distributed a visual depiction; (2) that the visual depiction was transported in interstate or foreign commerce or the visual depiction was produced using materials that had been transported in interstate or foreign commerce; (3) that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and (4) that the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct. Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions, Criminal, Instruction 62-12 (2006).

A. The Government has proven beyond a reasonable doubt that the Defendant distributed a visual depiction.

First, the Government has proven beyond a reasonable doubt that the Defendant downloaded visual depictions of a minor engaging in sexually explicit conduct. Further, the Government has proven beyond a reasonable doubt that the Defendant saved those depictions in his computer and hard drives. The Government further proved beyond a reasonable doubt that the Defendant distributed visual depictions of a minor engaged in sexually explicit conduct on or about July 5, 2010 when the Defendant used the Frostwire file-sharing program to make the images at issue available to other users on the Gnutella network and Special Agent Freddy Miller was able to download the image from the defendant's computer to his computer. Further, the evidence established that the Defendant was knowledgeable about computers. During his non-custodial interrogation Defendant admitted that he was using Limewire, a peer to peer file sharing network for a number of years. Defendant further admitted that he had used search terms to find child pornography and used Limewire to obtain and later view images and videos of child pornography. He acknowledged that when his "shared folder" was full, he would move

the child pornography files to other folders on his computer. Numerous external hard drives were attached to the computer.[2]

B. The Government has proven beyond a reasonable doubt that the Defendant's distribution of the visual depictions were done knowingly.

An act is done knowingly when it is done voluntarily and intentionally and not because of accident, mistake or some other innocent reason. The Court finds that the Government has proven beyond a reasonable doubt that the Defendant knowingly distributed the images in question. The Defendant chose to share the images in question with anyone using the Gnutella network via the Frostwire file sharing program, which he installed on his computer. His act of choosing to share the images was voluntary on his part. He did not have to share the images; the Frostwire program allowed him the option not to share any file he downloaded. Defendant further took the affirmative steps to change the default settings of the file sharing programs to allow his J drive to be made available for sharing. In the alternative, even if Defendant thought he could not run the peer to peer software without allowing for sharing, Defendant voluntarily used the peer to peer programs and knew that others had the ability to look for a file on his computer and download the file. Defendant further admitted that he knew others attempted to obtain and download his child pornography files and he interrupted and stopped the download from occurring. However, because the Defendant let the file sharing program run unattended for days at a time, Defendant nevertheless provided the ability for others to access his child pornography files and accordingly he distributed the files in this manner.

---

[2] *U.S. v. Collins*, 642 F.3d 654 (8th Cir. 2011) (Evidence supported jury finding that defendant had requisite intent to support his conviction for attempted distribution of child pornography, where defendant downloaded and installed file–sharing program onto his two computers and he was knowledgeable about computers). *See also U.S. v. Swenson*, 335 Fed. Appx. 751 (10th Cir. 2009) (agent testified that at least one image that defendant made publicly available for file sharing bore words indicating that it was part of a series that was being distributed out of South America, and was consistent that series, with which the agent was familiar from other child pornography investigations); *United States v. Shaffer*, 472 F.3d 1219, 1223–25 (10th Cir. 2007); *cf. United States v. Schade*, 318 Fed. Appx. 91, 94–95 (3rd Cir. 2009) (unpublished) (upholding conviction for aiding internet transportation of child pornography based on use of a file-sharing program).

C. The Government has proven beyond a reasonable doubt that the visual depiction was shipped or transported in interstate or foreign commerce or the visual depiction was produced using materials that had been transported in interstate or foreign commerce.

The Defendant admitted that he used the internet to download the images and that the internet was used by others accessing his computer via Frostwire. The transmission of the images in question by computer over the Internet via the Gnutella network through the use of a peer-to-peer file sharing program constitutes transportation in interstate commerce. Additionally, the Court notes that the hard drives (Exhibits 9, 10 and 12) were manufactured in Thailand and Exhibit 11 was manufactured in China.

D. The Government has proven beyond a reasonable doubt that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct.

The Defendant has stipulated that the images were child pornography as defined by 18 U.S.C. § 2252(a)(2). Additionally, the Court was able to see for itself, from its brief viewing of Exhibits 2, 3, 4, 14, 15 and 16, that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct.

### Conclusion

The Court finds that the Defendant is guilty of Count One, Distribution of Child Pornography.

SIGNED this 12th day of December, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4